# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **LOUIS T. McKEAVER** | **CIVIL ACTION NO. 5:12-cv-2682** |
| **LA. DOC #229549** | |
| **VS.** | **SECTION P** |
| | **JUDGE S. MAURICE HICKS** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Louis T. McKeaver, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on October 12, 2012.  Petitioner attacks his adjudication as a multiple offender in the First Judicial District Court, Caddo Parish. He claims that he received ineffective assistance of counsel in the habitual offender proceeding.

This matter has been referred to the undersigned in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** since petitioner's sole claim for relief was dismissed by the Louisiana courts as procedurally defaulted.

### *Background*

On August 24, 2006, petitioner was found guilty of manslaughter.  On October 10, 2006, he was adjudicated a second felony offender. On November 7, 2006, he was sentenced to serve 36 years at hard labor without benefit of parole.

Apparently the appeals delay expired and petitioner resorted to an application for post-conviction relief seeking an out-of-time appeal. In due course he was appointed appellate counsel

and appealed raising claims of excessiveness of sentence and the erroneous imposition of sentence without benefit of parole. On January 27, 2010, his conviction, his adjudication as a second offender, and the length of his sentence were affirmed; however, the Court amended the sentence to delete the restriction on parole eligibility. *State of Louisiana v. Louis McKeaver*, 44,907 (La. App. 2 Cir. 1/27/2010), 32 So.3d 909.  His application for writ of *certiorari* or review was denied by Louisiana's Supreme Court on September 17, 2010. *State of Louisiana v. Louis Tyrone McKeaver*, 2010-0420 (La. 9/17/2010), 45 So.3d 1042.

On October 26, 2010, petitioner filed a *pro se* application for post-conviction relief arguing a single claim for relief – the multiple offender adjudication was obtained unconstitutionally because petitioner received ineffective assistance of counsel.  On May 25, 2011, the trial court denied relief on the merits. [Doc. 1-3, pp. 16-19]

Petitioner's application for writs was denied by the Second Circuit Court of Appeals on September 7, 2011.  In denying writs the Court noted, "The applicant's writ application requests post-conviction relief under La. C.Cr.P. art. 930.3. However, his objection to his adjudication and sentencing as a habitual offender does not fall within the exclusive list of matters for which post-conviction relief may be granted under La. C.Cr.P. art. 930.3. *State v. Cotton*, 09-2397 (La. 10/15/10), 45 So.3d 1030." *State of Louisiana v. Louis Tyrone McKeaver*, No. 46,860-KH at Doc. 1-3, p. 37.

Petitioner's writ application was thereafter denied by the Louisiana Supreme Court on May 25, 2012. The Court, in denying relief, also cited  art. 930.3; *State ex rel. Melinie v. State*, 93–1380 (La.1/12/96), 665 So.2d 1172;  *State v. Cotton*, 09–2397 (La.10/15/10), 45 So.3d 1030; and, *State v. Thomas*, 08–2912, (La.10/16/09), 19 So.3d 466.  *See State of Louisiana ex rel. Louis*

*Tyrone McKeaver v. State of Louisiana*, 2011-2177 (La. 5/25/2012), 90 So.3d 401.

He filed the instant petition on October 12, 2012, raising a single claim for relief –

ineffective assistance of counsel at the habitual offender adjudication hearing.

### *Law and Analysis*

The procedural default doctrine applies to bar federal *habeas corpus* review when a state

court declines to address a prisoner's federal claims because the prisoner failed to follow a state

procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d

640 (1991).

Petitioner raises a single claim for relief – ineffective assistance of counsel with regard to

the multiple offender adjudication. This is the same claim petitioner raised in his post-conviction

litigation in the Louisiana Courts. While the District Court addressed the merits of his claim,

both the Second Circuit Court of Appeals and the Louisiana Supreme Court refused to consider it

and both expressly relied on a well established state procedural rule in declining to reach the

merits of the claim.  Both Courts cited La. C.Cr.P. art. 930.3 as the basis for the default. That

article provides the exclusive grounds for post-conviction relief in Louisiana and states:

> If the petitioner is in custody after sentence for conviction for an offense, relief
> shall be granted only on the following grounds:
>
> (1) The conviction was obtained in violation of the constitution of the United
> States or the state of Louisiana;
>
> (2) The court exceeded its jurisdiction;
>
> (3) The conviction or sentence subjected him to double jeopardy;
>
> (4) The limitations on the institution of prosecution had expired;
>
> (5) The statute creating the offense for which he was convicted and sentenced is

unconstitutional; or

(6) The conviction or sentence constitute the ex post facto application of law in violation of the constitution of the United States or the state of Louisiana.

(7) The results of DNA testing performed pursuant to an application granted under Article 926.1 proves by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted.

La. C.Cr.P. art. 930.3.


The Second Circuit also cited *State v. Cotton*, 09-2397 (La. 10/15/10), 45 So.3d 1030;

and the Supreme Court cited *State ex rel. Melinie v. State*, 93–1380 (La.1/12/96), 665 So.2d

1172, as well as *Cotton, supra* and *State v. Thomas*, 08-2912 (La. 10/16/09), 19 So.3d 466 as the

basis for their determination that petitioner's claim was procedurally defaulted.  In *Melinie*, the

Louisiana Supreme Court held, " ... art. 930.3, which sets out the exclusive grounds for granting

post-conviction relief, provides no basis for review of claims of excessiveness <u>or other</u>

<u>sentencing error post-conviction.</u>" *Melinie*, 665 So.2d 1172.  In *Cotton*, the case cited by the

Second Circuit and the Supreme Court, the Supreme Court clarified *Melinie* and held,

> In *State ex rel. Melinie v. State*, 93–1380 (La.1/12/96), 665 So.2d 1172, this Court
> construed the provisions of La.C.Cr.P. art. 930.3 and determined that they
> 'provide[ ] no basis for review of claims of excessiveness or other sentencing
> error post-conviction.'...  an habitual offender adjudication does not pronounce a
> separate conviction or institute a separate criminal proceeding, but instead 'only
> addresses itself to the sentencing powers of the trial judge after conviction and has
> no functional relationship to ... innocence or guilt....' *State v. Walker*, 416 So.2d
> 534, 536 (La.1982); see also *State v. Dorthey*, 623 So.2d 1276, 1278 (La.1993)
> (habitual offender bill of information 'does not charge a new crime but merely
> advises the trial court of circumstances....'). An habitual offender adjudication
> thus constitutes sentencing for purposes of *Melinie* and La.C.Cr.P. art. 930.3,
> which provides no vehicle for post-conviction consideration of claims arising out
> of habitual offender proceedings, as opposed to direct appeal of the conviction and
> sentence. La.C.Cr.P. art. 912(C)(1)(defendant may appeal from a judgment 'which
> imposes sentence'). *A fortiori*, respondent's claim that he received ineffective

> assistance of counsel at his habitual offender adjudication is not cognizable on collateral review so long as the sentence imposed by the court falls within the range of the sentencing statutes. *Cf.* La.C.Cr.P. art. 882.

*Cotton*, 45 So.3d 1030-31.

Likewise, in *Thomas, supra*, cited by the Supreme Court, the Court held, "...relator's claims that the court imposed an excessive sentence and that he received ineffective assistance of counsel at sentencing are not cognizable on collateral review..." *Thomas*, 19 So.3d 466.

Federal courts typically may not reach the merits of federal law questions if the State courts have expressly relied on an "adequate and independent" state procedural ground in refusing to review the merits of the claim.

Procedural rules are "adequate" when they are "strictly or regularly" applied to the "vast majority of similar claims." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir.1997), *cert. denied*, 523 U.S. 1125, 118 S.Ct. 1811, 140 L.Ed.2d 949 (1998) citing *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.1995), *cert. denied*, 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995). A procedural rule is "independent" when the last state court rendering a judgment in the case "clearly and expressly" indicates that its judgment rests on the procedural ground. *Amos*, 61 F.3d at 338.

The procedural rule identified herein satisfies both requirements.  Louisiana courts regularly invoke art. 930.3 as interpreted by the *Melinie* decision and its progeny, *Cotton* and *Thomas*, to bar review of sentencing claims and errors occurring in multiple offender proceedings which are raised in post-conviction applications. *See State ex rel Brown v. State*, 870 So.2d 976 (La.2004); *State ex rel Brazley v. State*, 2006 WL 1097828 (La.3/24/06); *State v. Shepard*, 917 So.2d 1086 (La.2005); *State v. Hebreard*, 708 So.2d 1291, 1292–1293 (La.App. 4th Cir.1998); *State ex rel State v. Williams*, 2006 WL 1097841 (La.3/24/06); *State ex rel Pierce v. State*, 2006

WL 1049975 (La.3/17/06); *State ex rel Pollock v. State*, 924 So.2d 177 (La.2/10/06); *State ex rel State v. Cowart*, 924 So.2d 159 (La.2/10/06).

Moreover, the Fifth Circuit Court of Appeals, this Court, and the United States District Court for the Eastern District of Louisiana have all indicated that *Melinie* is an adequate and independent bar to federal *habeas* review of multiple offender sentencing claims. *Hull v. Stalder*, 234 F.3d 706 (5th Cir.2000) (unpublished); *Rhymes v. Warden*, 2005 WL 2123691 (W.D.La.2005); *Tran v. Cain*, 2006 WL 1627812 (W.D.La.2006); *Williams v. Miller*, 2006 WL 2087867 (E.D.La.2006); *Green v. State*, 1998 WL 259970 (E.D.La.), *Scott v. Cain*, 1998 WL 273116 (E.D.La.); see also *Pedelahore v. Tanner*, 2012 WL 4970684 (E.D. La. 2012) and *Warfield v. Warden*, L.S.P., 2012 WL 3067604 (W.D. La. 2012) and the cases cited therein.

Clearly then, the *Melinie-Cotton-Thomas* rule interpreting art. 930.3 so as to prohibit the Louisiana Courts from reaching the merits of sentencing error claims arising in the context of an habitual offender adjudication, constitutes an "adequate" procedural rule to bar federal *habeas corpus* review of petitioner's claim of ineffective assistance of counsel at his multiple offender adjudication and sentencing.  Moreover, because the last reasoned judgment on the claim (that of the Louisiana Supreme Court) specifically referred to art. 930.3 as interpreted by the *Melinie-Cotton-Thomas* decisions when it declined review of the merits of petitioner's sentencing claim, it is clear that the identified procedural rule is also "independent."

Federal courts may look beyond the procedural default, but only if the *habeas corpus* petitioner shows cause for the default and actual prejudice, or if he shows that the failure to reach the merits of the claim will result in a complete miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 97

S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Duncan v. Cain*, 278 F.3d 537, 541 (5th Cir.2002), *cert.*

*denied*, 537 U.S. 829, 123 S.Ct. 127, 154 L.Ed.2d 43 (2002). "Cause" in this context means that

"some objective factor external to the defense" prevented the petitioner from complying with the

state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed. 397

(1986). Petitioner has not alleged cause for his default.  Indeed, the only arguable cause that can

be imagined for the default would be a claim in ineffective assistance of <u>appellate counsel</u> based

upon counsel's failure to raise the habitual offender/sentencing issue on direct appeal.

"Constitutionally ineffective assistance of counsel,  in the form of failure to raise issues on

appeal, can operate as cause for procedural default." *United States v. Hampton*, No. 96–30295,

1996 WL 595656, *2 (5th Cir. Sept.20, 1996), *citing Murray v. Carrier*, 477 U.S. 478, 488–492,

106 S.Ct. 2639, 2645–2648, 91 L.Ed.2d 397 (1986). "Attorney error short of ineffective

assistance of counsel does not constitute cause for a procedural default." *Murray*, 477 U.S. at

492, 106 S.Ct. at 2647–2648.

     Furthermore, while appellate counsel's ineffectiveness may suffice as "cause" it may do

so <u>only if that ineffectiveness has been properly presented to, and exhausted in, the Louisiana</u>

<u>courts as a separate and distinct claim for relief</u>. In other words, if a *habeas* petitioner intends to

rely on the alleged ineffective assistance of appellate counsel as cause for a procedural default, he

must have first independently raised and exhausted that claim in the Louisiana courts. *See*

*Edwards v. Carpenter*, 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000); *Stewart v.*

*LaGrand*, 526 U.S. 115, 120, 119 S.Ct. 1018, 143 L.Ed.2d 196 (1999); *Murray v. Carrier*, 477

U.S. at 489. This was not done in petitioner's case. Therefore, petitioner cannot rely on

ineffective assistance of appellate counsel as cause for his default. If a *habeas* petitioner fails to

demonstrate cause, the court need not consider whether there is actual prejudice. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir.1992). Accordingly, petitioner's default cannot be excused.

Moreover, petitioner has not established that a "fundamental miscarriage of justice" would occur if this Court refuses to consider his multiple offender sentencing claim. A "fundamental miscarriage of justice" exists where "the constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904; *Ward v. Cain*, 53 F.3d 106,108 (5th Cir.1995); *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.1996) quoting *McClesky v. Zant*, 499 U.S. 467, 495,114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993). The "miscarriage of justice" exception requires the petitioner to make a "colorable showing of factual innocence." *Callins*, 89 F.3d at 213 quoting *McClesky v. Zant*, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993). Petitioner has not made this showing, thus, he has failed to demonstrate that the procedural default doctrine is not applicable herein.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  since petitioner's sole claim for relief was dismissed by the Louisiana courts as procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or

response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**[1]

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe,  Louisiana, January 28, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[1] **Petitioner is encouraged to file timely objections to this Report and to provide additional argument and factual support to establish (a) cause and prejudice for the default; and/or (b) that a miscarriage of justice will result if this Court fails to review the merits of his** *habeas corpus* **claim.**